PER CURIAM.
Application granted.
The Office of Worker’s Compensation’s recommendation favorable to plaintiff was mailed to all parties on November 30, 1989, and the employer rejected the recommendation within the thirty-day period provided in La.Rev.Stat. 23:1310.1 (as in effect at that time). Plaintiff filed suit in district court on April 4, 1990, and the employer filed an exception of prescription.
The trial court, accepting plaintiff’s attorney’s uncontradicted testimony that he did not receive the Office’s December 11, 1989 notice of the rejection of the recommendation until March 16, 1990, overruled the exception.[1] The court of appeal interpreted La.Rev.Stat. 23:1311 literally and held that the claim was prescribed, since suit was not filed within sixty days of plaintiff’s attorney’s receipt of the recommendation. This literal interpretation denies plaintiff due process. The decision deemed the sixty-day period to expire in relation to the date of receipt of the recommendation, a date on which the employee would be premature in presenting his claim to the court, but fundamental fairness requires that an injured employee be notified of the rejection of the Office’s recommendation (the event which gives rise to his right to seek relief in district court) and be afforded a reasonable time thereafter to present his claim. Plaintiff’s claim was filed within a reasonable time after receipt of notice of the rejection of the recommendation.
The ruling of the court of appeal is reversed, and the judgment of the district court is reinstated.
MARCUS, J., dissents from the order.

. According to plaintiffs uncontradicted statement in his application to this court, plaintiffs attorney made many inquiries to the Office of Worker’s Compensation between January 12, 1990 and March 13, 1990 about the disposition of the case. One OWC employee, who stated he would mail a copy of the certificate of rejection to plaintiffs attorney, went on vacation, and another OWC employee, who noticed that plaintiffs attorney’s address in the record did not include the suite number, mailed a copy of the certificate of rejection on March 14, 1990.